UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BUSH, | ) | |
| BUSH TRUCK LEASING, INC., AND | ) | |
| BUSH SPECIALTY VEHICLES, INC., | ) | |
| Plaintiffs | ) | Civil Action No. 1:15cv745 |
| | ) | |
| v. | ) | Judge Susan Dlott |
| | ) | |
| ELEMENT FINANCIAL CORP. AND | ) | DEFENDANTS' REPLY IN SUPPORT |
| STEVE GROSSO, | ) | OF PARTIAL MOTION TO DISMISS |
| Defendants. | ) | |

Defendants Element Financial Corporation and Steve Grosso (collectively, "Defendants") respectfully submit their reply memorandum in support of their partial motion to dismiss.

## A. Wrongful discharge

Contrary to Plaintiffs' assertions, the Pennsylvania Supreme Court recently addressed the circumstances under which an employee may bring a cause of action for wrongful discharge. In 2009, the Pennsylvania Supreme Court left no doubt that the Commonwealth does not recognize the tort of wrongful discharge in any circumstances besides the narrow public policy exception. The state's highest court reviewed Pennsylvania case law and concluded: "These cases demonstrate that the strong presumption of all non-contractual employment relations is at-will. An employee may bring a cause of action for a termination of that relationship only in the most limited circumstances, where the termination implicates a clear mandate of public policy." *Weaver v. Harpster*, 975 A.2d 555, 563 (Pa. 2009). Tellingly, the Plaintiffs do not address this recent Pennsylvania Supreme Court case, although it was cited extensively in Defendants' brief.

The Plaintiffs misstate Pennsylvania case law. "Where the [employee's] termination has not implicated a clear mandate of public policy, this Court and the Superior Court have not permitted a common law cause of action for wrongful discharge." *Weaver,* 975 A.2d at 564. The suggestion that there might be an exception where there was a specific intent to harm an employee is based on dicta in *Greary v. U.S. Steel Corp.* 319 A.2d 17, 174-175 (Pa. 1974). However, the Pennsylvania Supreme Court recently clarified its decisions and stated unequivocally that the only except to at-will employment in the Commonwealth is that an employee may bring a wrongful discharge action based on a violation of a clear mandate of public policy. *See Weaver*, 975 A.2d at 563. Significantly, the *Weaver* court did not even mention the possibility of a wrongful discharge action based on a specific intent to harm, despite its extensive discussion of the narrow exception to at-will employment in Pennsylvania. *Id., supra.*

The Plaintiffs cite outdated federal court cases, the most recent of which is from 2006, and ignore more recent controlling Pennsylvania case law. To the extent that it ever recognized a wrongful discharge claim based on a specific intent to harm, the Pennsylvania Supreme Court has clearly narrowed the tort of wrongful discharge to instances where the termination violates a clear mandate of public policy.

For the foregoing reasons, the wrongful discharge claim should be dismissed.

**B. Claims against Steve Grosso**

**1. Wrongful discharge**

As explained above, the Plaintiffs have not stated a claim for wrongful discharge under Pennsylvania law. Further, it is questionable whether the tort of wrongful discharge is even

available against an individual such as Mr. Grosso. *Medley v. SugarHouse HSP Gaming, L.P., No. 12-CV-6284*, 2013 WL 1157349, at *4 (E.D. Pa. 2013) (citing cases).

If such a tort exists against individual defendants, recent authority holds that the tort must have been committed in an individual capacity. *Id.* Conduct taken in a personal capacity could include asking the plaintiff to commit a crime and then firing him upon refusal, or the personal orchestration of the plaintiff's dismissal. *Id.* The Plaintiffs have alleged no facts in support of this type of conduct. Notably, Mr. Bush's termination letter was not even signed by Mr. Grosso. Exhibit A.

For the foregoing reasons, the wrongful discharge claim against Mr. Grosso should be dismissed.

### 2. Defamation

The Plaintiffs have not stated a claim against Mr. Grosso for defamation. First, in their Opposition to Defendants' Partial Motion to Dismiss ("Opposition"), the Plaintiffs attribute statements to Mr. Grosso that the Complaint alleges were made by Element. Moreover, the Complaint fails to allege any participation by Mr. Grosso in the alleged defamation, and the allegations do not include even one specific defamatory statement made by Mr. Grosso.

In their Opposition, the Plaintiffs cite four allegedly defamatory statements: (i) BTL was "acquired" by Element and was no longer an independent company; (ii) Mr. Bush and BTL were "out of the leasing business" and would be kept out of the business permanently; (iii) Mr. Bush and/or BTL was to blame for its poor performance of its obligations to its customers; and (iv)

BTL had failed to transfer payments it had received from a customer to Element. Opposition at 9, citing Compl. ¶¶ 37-40.

According to the Complaint, the statements in (iii) and (iv) above were made by Element. *See* Compl. ¶ 37; Compl. ¶ 40. The remaining two statements were alleged in the Complaint to be made by "Defendants," and the Complaint does not specify whether or how Mr. Grosso had any participation in such alleged statements. *See* Compl. ¶¶ 37, 39. Further, the Plaintiffs' Opposition notes that they cannot even place where the alleged defamatory statements were made. Opposition at 9.

The Plaintiffs emphasize personal liability for torts *committed by* corporate officers and "participation theory," under which a corporate officer could be personally liable where he has *personally taken part* in the actions of the corporation. Opposition at 9-11 (emphasis supplied). The Opposition cites ¶¶ 37-40 and 67 of the Complaint in order to show Mr. Grosso's alleged participation in the alleged defamation. Opposition at 10. However, as noted above, these citations are misleading because two of the alleged statements were made by Element, and the other two alleged statements were made by "Defendants." Further, paragraphs ¶¶ 38 and 67 refer to the alleged wrongful discharge of Mr. Bush and do not mention *any* defamatory statements. In fact, the Complaint does not allege a single defamatory statement made by Mr. Grosso. Therefore, even under the theories cited in the Opposition, the Plaintiffs have not alleged a defamation claim against Mr. Grosso.

For the foregoing reasons, the defamation claim against Mr. Grosso should be dismissed.

Respectfully submitted,

*/s/ Robert P. Johnson*
Robert P. Johnson (0040109)
Emily M. Gallagher (0093625)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 352-6769
Fax: (513) 241-4771
Rob.Johnson@ThompsonHine.com
Emily.Gallagher@ThompsonHine.com

Attorneys for Defendants
Element Financial Corporation and
Steve Grosso

Of Counsel:
Peter J. Deeb
MONTGOMERY, MCCRACKEN WALKER &
RHOADS, LLP
123 South Broad Street, 28th Floor
Philadelphia, Pennsylvania 19109
Phone: (215) 772-7268
Fax: (215) 772-7620
Email: pdeeb@mmwr.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2016 a copy of the foregoing was filed electronically, and that notice of this filing will be sent to registered parties by operation of the court's electronic filing system.

*/s/ Robert P. Johnson*