October 10, 2016

The Honorable Richard J. Sullivan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Bush et al v. Element Financial Corp. et al,* No. 1:16-cv-1007-RJS

Dear Judge Sullivan:

      Pursuant to the Court's Case Management Plan and Scheduling Order, the parties jointly submit this letter concerning a discovery dispute between Plaintiffs Michael Bush ("Mr. Bush"), Bush Truck Leasing, Inc. ("BTL"), and Bush Specialty Vehicles, Inc. ("BSV") (collectively, "Plaintiffs") and Defendants Element Financial Corp. ("Element") and Steve Grosso ("Mr. Grosso") (together, "Defendants"). Plaintiffs seek an order (i) compelling Defendants pursuant to Fed. R. Civ. P. 37(a) to produce documents and provide interrogatory responses to Plaintiffs' discovery requests; and (ii) imposing sanctions on Defendants pursuant to Fed. R. Civ. P. 37(a)-(b) for their failure to comply with their discovery obligations.

**I.    Plaintiffs' Statement**

      On May 6, 2016, Plaintiffs served on Defendants their First Set of Requests for Production of Documents (the "Requests").[1] On June 10, 2016, Plaintiffs served on Defendants their First Set of Interrogatories (the "Interrogatories").[2] To date, Defendants have failed to (i) provide any objections or responses to the Requests; (ii) produce any documents in response to the Requests; or (iii) provide any responses to the Interrogatories. While Plaintiffs have agreed to grant Defendants multiple requests for extensions of time to produce responsive documents, Defendants have failed to comply with each of the dates certain that they themselves proposed for their own compliance. Plaintiffs have not granted any extensions for responses to the Interrogatories, and the extension they granted Defendants to provide objections and responses to the Requests expired on July 4, 2016.

      Accordingly, Plaintiffs now seek an order pursuant to Fed. R. Civ. P. 37(a) compelling Defendants to provide responsive documents by a date certain and imposing appropriate sanctions for Defendants' wholesale refusal to participate in discovery. The present discovery cut-off date is December 14, 2016. (Dkt. #42.) Plaintiffs request that Defendants be ordered to produce responsive documents and to provide responses to Plaintiffs' Interrogatories no later than <u>October 21, 2016</u> to allow them sufficient time to review Defendants' production and responses, and to take depositions of Defendants' witnesses prior to the discovery cut-off.

---

[1] A copy of Plaintiffs' First Set of Requests for Production of Documents is attached as **Exhibit A**.
[2] A copy of Plaintiffs' First Set of Interrogatories is attached as **Exhibit B**.

Sanctions for Defendants Non-Compliance.  Plaintiffs request that Defendants be ordered to pay Plaintiffs' reasonable attorney's fees in filing the present motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).  Plaintiffs further request an order determining that Defendants have waived any objections to either the Requests or the Interrogatories, and must respond to them in full.

In addition, in the event that Defendants fail to comply with the new response deadline to be set by the Court, Plaintiffs request additional sanctions arising from the specific harms that Defendants' failure to provide discovery will cause Plaintiffs.  First, Defendants should be precluded from relying upon any documents in their possession, custody, or control either on a motion, at a hearing, or at trial should Plaintiffs be forced to take the depositions of Defendants' witnesses without having possession of or sufficient time to review Defendants' production of documents.

Second, Defendants should be precluded from seeking recovery of any category or amount of damages that they fail to disclose in response to Plaintiffs' Interrogatories, which specifically demand that Defendants "[i]dentify [their] computation of each category of damages claimed in this action, separated by each specific category."  (Interrogatory No. 24.)

Third, Defendants should be precluded from relying on the testimony of any witnesses that they fail to disclose in response to Plaintiffs' Interrogatories, which demand that Defendants identify witnesses with knowledge or information relevant to certain, specifically identified issues relating to the Parties' claims and defenses in this action.  (Interrogatory Nos. 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22.)

Finally, Plaintiffs request a sanction relating to their claim for breach of contract for Element's failure to repay certain origination fees withheld under § 4.4(c) of the Bush-Element Agreement.  Pursuant to that section, Element withheld 2% of the origination fees due BTL to be applied against a separate Recourse Obligation owed by BTL.  Any of the withheld amounts that Element did not have to apply against the Recourse Obligation—because the portfolio did not suffer losses that the withheld fees were used to cover—were required to be repaid to BTL.  Plaintiffs have requested documents and served an Interrogatory (Interrogatory No. 25) demanding that Element identify what portion of the withheld fees, if any, that it has applied to the Recourse Obligation.  Plaintiffs have no way of determining this information without production of Element's documents.  To the extent Defendants fail to produce documents or respond to Plaintiffs' Interrogatories demonstrating what portion of the withheld origination fees were applied to BTL's Recourse Obligation, Plaintiffs request a sanction precluding Defendants from offering evidence on a motion, at a hearing, or at trial that the amount to be re-paid to BTL under § 4.4(c) of the Bush-Element Agreement is anything less than the total amount of the fees withheld.

Plaintiffs' Discovery Responses.  Plaintiffs note that they have fully responded to Defendants' discovery requests to date, including (i) serving their objections and responses to Defendants' requests for production of documents; (ii) serving their verified responses to Defendants' interrogatories requests; and (iii) producing approximately 34,000 documents

responsive to Defendants' document requests, along with a privilege log for any documents withheld or redacted on the basis of the attorney-client privilege and/or work product privilege.[3]

**II.   Defendants' Statement**

Defendants served Interrogatories and a Request for Production of Documents upon Plaintiffs on June 10, 2016.  Plaintiffs' discovery requests were served as of the dates noted above. At the end of the response period provided by the Rules, Counsel held a telephone conference during which it was explained on behalf of Defendants that responding to the extensive Requests for Production of Documents served by the Plaintiffs would take considerable time.   The bulk of the Requests for Production requested emails and communications between employees at Element Financial and emails and communications between Element Financial and Bush Truck Leasing.  Unfortunately, these records are retained on a server at Element Financial's parent corporation in Canada.  This meant having the IT group at Element's counsel's office in Philadelphia work with the IT group at Element Financial's offices in Horsham, PA, which then worked with the IT group at Element's parent corporation in Canada.  Further, counsel was involved in the oversight of the production at each location.  Delays largely occurred due to the difference in the systems used to retain the documents at each office, as well as the good faith failure by the IT group in Canada to exactly run the requested searches.

Regular conference calls were held between counsel for the parties as to the progress at identifying responsive documents.  Initial searches identified approximately 186,000 documents.  However, when the search parameters were revealed to the undersigned, errors were found that lead to the production of extensive unresponsive documents.  Defendants have reduced the amount of arguably responsive documents down to 42,000 documents.  However, additional errors are being corrected which may reduce or increase the number of documents to be produced.

Defendants have no problem with producing responses to Plaintiffs' discovery requests on or before October 21, 2016.  In fact, Defendants hope to respond no later than October 17, 2016.  Responses to Plaintiffs Interrogatories have been held up only to permit Defendants to review all relevant documents prior to finalizing their responses.

<u>Plaintiffs' Request for Sanctions</u>.  Defendants view the Plaintiffs' request for sanctions as being excessive and unwarranted in light of the cooperation between the parties with respect to discovery up to this point in time.  Plaintiffs only produced their documents in response to Defendants' Request for Production of Documents this past week on October 5, 2016.  The Sanctions requested, in light of this being Plaintiffs first Motion to Compel responses to their

---

[3] Plaintiffs timely served within 30 days of receipt (i) their Objections and Responses to Defendants' First Request for Production of Documents, Materials and Things, on June 6, 2016; and (ii) their Responses and Objections to Defendants' First Set of Interrogatories, on July 11, 2016.  Consistent with a mutual extension request agreed upon by the Parties' counsel for the production of documents, Plaintiffs indicated to Defendants on July 5, 2016 that they had completed their review of documents and were prepared to immediately produce all documents responsive to Defendants' discovery requests, pursuant to their agreement for reciprocal discovery.  On October 5, 2016, notwithstanding Defendants' expressed inability to comply with the extended timeline agreed to by the Parties, Plaintiffs delivered to Defendants all responsive documents to Defendants' discovery requests.

discovery requests are unreasonable under the circumstances.  In fact, the parties jointly requested the extension of the discovery deadline in light of the difficulties being experienced by the parties with respect to discovery.

While Defendants leave it to the discretion of the Court as to whether legal fees associated with the filing of a first Motion to Compel are appropriate, they must point out the level of cooperation between the parties up to this date.  Defendants submit that this situation does not call out for the imposition of sanctions.  Further, Plaintiffs request that the Court preclude Defendants from setting forth objections, where appropriate, to the discovery requests is an extreme remedy and not warranted under the circumstances.

Plaintiffs continue by setting forth additional sanctions that they would request should Defendants fail to comply with the requested deadline of October 21, 2016.  Defendants will not address these contingent sanctions as they intend to respond to Plaintiffs' discovery requests prior to October 21, 2016, and because it is not appropriate for Plaintiffs to request contingent sanctions until the circumstances of any failure to respond become clear.  Further, the contingent sanctions requested by Plaintiffs are unreasonable under the circumstances.

### III.    The Parties' Compliance with Fed. R. Civ. P. 37(a)(1)

Counsel for the parties—Bryce Yoder on behalf of Plaintiffs and Peter Deeb on behalf of Defendants—have met and conferred by telephone and by e-mail on multiple occasions to discuss the status of Defendants' production.  Telephonic discussions occurred on July 5, 2016, August 18, 2016, and September 19, 2016, with each call lasting between ten to fifteen minutes.

Sincerely,

| | |
|---|---|
| /s/  Bryce J. Yoder | /s/ Peter J. Deeb |
| Bryce J. Yoder | (*per e-mail authorization of 10/10/2016*) |
| KEATING MUETHING & KLEKAMP PLL | Montgomery McCracken Walker & Rhoads LLP |
| 1 E. 4th St., Suite 1400 | 437 Madison Ave., 29th Floor |
| Cincinnati, Ohio 45208 | New York, NY 10022 |
| (513) 562-1420 | (212) 867-9500 |
| | |
| Jay S. Hellman | *Attorney for Defendants* |
| SILVERMAN ACAMPORA LLP | |
| 100 Jericho Quadrangle, Suite 300 | |
| Jericho, New York 11753 | |
| (516) 479-6300 | |

*Attorneys for Plaintiffs*

7088143.3