November 15, 2016

The Honorable Richard J. Sullivan
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

  Re: ***Bush et al v. Element Financial Corp. et al,*** **No. 1:16-cv-1007-RJS**

Dear Judge Sullivan:

  The Parties jointly submit this letter regarding a number of alleged deficiencies in the discovery responses provided by Defendants:

**I. Plaintiffs' Statement**

  **A. Defendants Have Refused To Participate in Discovery to Plaintiffs' Prejudice**

  The magnitude of Defendants' discovery failures is apparent only with the context of discovery as a whole in this matter. Plaintiffs served their document requests and interrogatories on Defendants in May and June respectively. Defendants did not serve responses and objections until they were overdue by many months.

  When, on October 10, 2016, Defendants had still not produced responses or responsive documents, Plaintiffs filed a discovery letter with the Court seeking a motion to compel and sanctions (Dkt. 46). Defendants did not claim Plaintiffs' discovery requests were overbroad. Rather, they said only that they were not prepared to make a production but would soon do so. The Court denied the motion based on Plaintiffs' representation. The Court noted if "Defendants fail to respond to the RFPs and Interrogatories on October 21, 2016, Plaintiffs may renew their motion to compel and to impose sanctions, which the Court would very likely grant." (Dkt. 48.)

  Defendants' production on October 21, 2016 was deficient for multiple reasons described below. (Notably, Defendants have had Plaintiffs' production for over a month now and have not identified a single deficiency.) As described in Plaintiffs' letter of November 10, 2016, Defendants' counsel ignored multiple attempts to meet and confer with regard to these issues. Defendants then refused to complete their section of the joint letter to the Court. Plaintiffs brought these discovery issues to the Court by letter of November 10. (Dkt. 54.)

  In response to the Court's order compelling them to do so, Defendants finally agreed to meet and confer and submit the present joint letter.  Defendants provided a handful of additional documents as a result—at approximately 3pm today before this letter was due—as discussed below, these documents largely fail to address the deficiencies Plaintiffs have identified.  During both the meet and confer and in their section below, Defendants repeat that they unilaterally chose not to engage in discovery because of a pending settlement offer.

  The prejudice to Plaintiffs is substantial and increases by the day. Plaintiffs have incurred considerable costs attempting to identify what is missing from Defendants' responses and productions and then engaging in a one-way conversation with Defendants about these

shortcomings. The Court has ordered that all discovery be completed by December 21, so Plaintiffs are attempting to prepare for depositions of Defendants' witnesses scheduled for the week of November 28. Plaintiffs and their counsel have been unable to effectively prepare without discovery from Defendants. Even full production at this point would not address the prejudice Defendants have imposed on Plaintiffs.

### B. Plaintiffs' Positions Regarding Defendants' Discovery Deficiencies

In their section of the prior discovery letter, Defendants represented to the Court they had identified 42,000 "arguably responsive documents." Eleven days later, Defendants produced 13,952 documents. Defendants' explanation is that they changed their search terms at the last minute and produced the resulting documents—without any review whatsoever of the documents they produced or those they withheld. Plaintiffs are concerned that Defendants have brought a serious lack of diligence to the document collection and production process. As explained in Plaintiffs' discovery letter (Dkt. 54), Defendants have also refused to produce documents to multiple requests based on objections lacking any conceivable basis under the Fed. R. Civ. P.

Two other substantial discovery issues require a Court order at this point. <u>First</u> is Defendants' refusal to produce documents or provide responses regarding their claimed damages. Plaintiffs served three document requests (RFP Nos. 29, 31, and 34) relating to damages. Defendants refused to produce any documents responsive to these Requests and, instead, objected that their damages "will be the subject of expert testimony." Similarly, Plaintiffs asked in Interrogatory No. 24 that Defendants identify their damages. Defendants objected that they cannot complete their computation until the close of discovery. In their discovery letter to the Court on November 11, Defendants have seemed to change positions again, saying there they would use their CFO as their "expert" (Defendants' quotations in original) but stating her testimony would be "factual" in nature.

Reconciling Defendants' statement to the Court with their discovery responses shows the inappropriate position they have taken. They now admit they have no outside expert that is performing work or analysis for them. So the sole basis for objecting to the document requests (that an expert would calculate the damages)—which itself is not a basis not to produce—is not even true. They admit that what Ms. Paradis would testify to is "factual" in nature. But they still have not produced any documents regarding damages, nor provided any information—let alone a meaningful analysis—in response to the damages interrogatory. Notably, Defendants' statement below does not even claim to have provided complete interrogatory responses.

This is a specific instance where even full production at this point would not address the litigation advantage Defendants have improperly seized by their discovery failures. Plaintiffs have been unable to effectively prepare for depositions, including that of Ms. Paradis, who will apparently testify to sophisticated financial issues, without discovery responses from Defendants. A production at this late date would not change that. The only way to ensure Plaintiffs are not prejudiced by Defendants' discovery failures is to limit Defendants' claim for damages to, at most, the liquidated damages provision specifically identified in their interrogatory responses as the only basis for damages. Any lesser sanction will reward Defendants for their conduct.

Second, Defendants have not provided discovery relating to documents and information solely in their possession that are required for Plaintiffs to prove their damages. Despite the handful of documents Defendants provided today, they have still failed to produce documents sufficient to calculate the fees due under §§ 4.2-4.6 of the Agreement, including the capitalized cost for each lease relating to the Celadon transaction in 2015. The "Transportation Package" documents Defendants refer to include some—but nowhere near all—of this information.

Defendants have provided incomplete documents relating to the reconciliations required under Section 4.4(c) of the Agreement which are needed to calculate the amount of Origination Fees withheld by Element that are now due to BTL. Defendants were entitled to holdback certain funds owed Plaintiffs until certain other obligations had been satisfied. Plaintiffs are entitled to these funds unless Defendants properly applied them to the recourse pool, in which case the amounts owed Plaintiffs would decrease. Plaintiffs served an interrogatory asking for a calculation. Defendants did not answer but provided a summary spreadsheet that provides no clear response, no background, and no description of its methodology.

Here again, even a full production at this point would prejudice Plaintiffs. Plaintiffs would still be disadvantaged in examining Defendants' witnesses on these issues. The easiest and fairest way to resolve the prejudice is for the Court to order that, because of the failure to produce the reconciliations, Defendants be barred from presenting any evidence regarding purported deductions from the holdback funds. The two sanctions that Plaintiffs have sought here are not draconian or sought by Plaintiffs out of malice. Instead, the requested orders are logical ways to remedy the situation and flow directly from Defendants' lack of cooperation in discovery. In both instances, Plaintiffs seek nothing more than an order that prevents Defendants from utilizing documents in this action that, for months, they have not provided.

### **Defendants' Privilege Claims Are Improper**

Defendants failed to provide a privilege log for their production until 3pm today. A preliminary review indicates severe deficiencies, including that the log generally lacks any meaningful description of the basis for withholding, other than to note an attorney was on the communication. Defendants should be ordered to immediately produce a proper privilege log.

Plaintiffs have also discovered, in reviewing Defendants' document production, that the production may include privileged documents. Plaintiffs immediately contacted Defendants to raise the issue. The correspondence identified two examples and asked Defendants to identify the bates ranges for which they intended to assert any privilege. To date, Defendants have only stated that Plaintiffs should destroy the two identified documents. The Court should order that Defendants have waived any claim to privilege over the other documents they have produced.

### **Timing for Certain Rule 26 Disclosures**

The Court should order that Defendants are required to produce the required Rule 26 disclosures of any expert that Defendants intend to rely upon by November 16, as Defendants have committed to do. Plaintiffs also believe that certain testimony of its own witness may be subject to Rule 26(a)(2)(C). But because of Defendants' refusal to provide discovery related to Plaintiffs' damages, Plaintiffs have been unable to complete this disclosure. Plaintiffs seek an

order permitting them to provide any Rule 26(a)(2)(C) within two weeks of Defendants' full document production and complete discovery responses.

## II.     Defendants' Statement

Plaintiffs' assertions with respect to Defendants' efforts to respond to Plaintiffs' discovery requests are misleading.  As was previously asserted in response to Plaintiffs' prior Motion to Compel responses, the documents responsive to Plaintiffs' Request for Production are stored at Defendants' parent corporation in Canada.  Therefore, identifying responsive documents required the participation of the undersigned counsel for Defendants, in-house counsel for both Element and its parent corporation, and the IT departments of both Element and its parent corporation.  This required substantial time and numerous clarifications.

In fact, the amount of documents produced is evidence of this fact.  As noted by Plaintiffs above, initially 42,000 documents were identified as responsive to Plaintiffs' discovery request.  However, upon initial review of the documents, it became evident that numerous documents were not responsive to Plaintiffs' requests.  It was eventually determined, after numerous conference calls, that the IT department at Element's parent corporation was utilizing "or" as the conjunctive for search terms instead of "and" as specified by counsel in many instances.  This lead to the identification of numerous unresponsive documents.  The undersigned eventually was able to correct this problem by working with Reliable Company, the IT company in Philadelphia which is hosting the document production for Element.  Accordingly, the amount of responsive documents was reduced from 42,000 documents to approximately 14,000 documents.  Curiously, Defendants claim this is evidence of Element failing to produce responsive documents.  Conversely, if Defendants had produced the original 42,000 documents, counsel for Plaintiffs would be reviewing an additional 30,000 documents with no relevance to the case.

Defendants also must point out that even though Plaintiffs did not struggle with issues similar to Defendants with respect to responding to Defendants' Request for Production, Plaintiffs only produced documents responsive to Defendants' Request for Production two weeks prior to Plaintiffs' production.  Further, Plaintiffs have now alleged that Defendants have refused to discuss alleged discovery deficiencies with Plaintiffs over the past week.  Defendants, following up on the settlement conference held before Magistrate Moses, extended a further offer of settlement over two weeks ago.  Thereafter, Plaintiffs have requested back-up for certain aspects of the settlement, all of which has been provided by Defendants.  It was Defendants' understanding that Plaintiffs would provide a response to Defendants' settlement offer prior to proceeding with discovery.  In this manner, the parties would each save considerable legal fees, should an acceptable settlement be reached.  Apparently, this is not the case, as Plaintiffs have yet to respond to Defendants offer of settlement and have proceeded with the current Motion.

### A.     Defendants' Discovery Responses

Plaintiffs' have criticized Defendants' objections to Plaintiffs' Discovery Requests in their prior letter to the Court.  These complaints may be placed into three general categories.

The Bush-Element Agreement.  Plaintiffs seek discovery with respect to the original Bush-Element Agreement which contemplated the sale of Bush Truck Leasing as an entity to

Element. This Agreement was never completed and has no relevance to the terms or the enforcement of the eventually executed Bush-Element Agreement by which Element agreed to purchase certain aspects of Bush Truck Leasing's business only, leaving Bush Truck Leasing to continue in business. Accordingly, production of documents or discovery with respect to the original agreement not only has no relevance to the Agreement which is the subject of the suit between the parties, but would be a waste of time and money.

Documents Relative to Defendants' Damages. Plaintiffs object that Defendants have not produced evidence of the damages they incurred with respect to their Counter-Claim. Damages incurred as a result of actions by the Bush Defendants has been ongoing. Defendants have identified Element Financial's CFO, Rene Paradis, as a witness that will testify as to damages. Ms. Paradis will testify factually as to damages incurred by Element supported by documentation, as well as offering expert opinion as to damages incurred due to loss of business. She shall produce a report and back-up documentation by tomorrow, November 16, 2016, as requested by Plaintiffs.

Documents Relative to Plaintiffs' Damages. Defendants have produced documents specifically identified by Plaintiffs. Defendants have previously produce Transportation Package documents and Element Funding Spreadsheets. In light of Plaintiffs' request, Defendants have produced additional copies of these documents as of this date.

All of the documents with respect to calculation of "Origination Fees" are emails addressed to Bush employees and Mike Bush. Given that Plaintiffs maintain they have not retained copies of these emails, Defendants have provided additional copies of the documents.

Plaintiffs have requested further documentation of the Recourse Calculation by Element with respect to their claim for damages. A summary sheet showing the calculation has been previously provided. A further spreadsheet has now been provided with respect to the back-up for the numbers on the spreadsheet.

### B.  Privilege Log

Defendants were under the impression that the Privilege Log was produced, together with responsive documents, by the company hosting its document production here in Philadelphia. Nevertheless, an additional copy of the Privilege Log has been provided as of this date.

### C.  Rule 26 Disclosures

Defendants shall produce the report of Rene Paradis, CFO of Element Financial, with respect to damages incurred by Element by tomorrow, November 16, 2016, as requested by Plaintiffs. The report will cite to the source of information relied upon. Further, Ms. Paradis is scheduled for deposition later this month.

### III.  The Parties' Compliance with Fed. R. Civ. P. 37(a)(1)

Counsel for the parties—Bryce Yoder and Brian Muething on behalf of Plaintiffs and Peter Deeb on behalf of Defendants—met and conferred by telephone on November 14, 2016, and discussed all of the issues raised herein for approximately forty-five minutes.

Sincerely,

/s/ Bryce J. Yoder
Bryce J. Yoder
KEATING MUETHING & KLEKAMP PLL
1 E. 4th St., Suite 1400
Cincinnati, Ohio 45208
(513) 562-1420

Jay S. Hellman
SILVERMAN ACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

*Attorneys for Plaintiffs*

/s/ Peter J. Deeb
(*per e-mail authorization of 11/15/2016*)
Montgomery McCracken Walker & Rhoads LLP
437 Madison Ave., 29th Floor
New York, NY 10022
(212) 867-9500

*Attorney for Defendants*

7168440.11