UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL BUSH, BUSH TRUCK LEASING, INC., and BUSH SPECIALTY VEHICLES, INC., | : : : | 16-CV-01007 (RJS) |
| Plaintiffs, | : : | **ANSWER AND AFFIRMATIVE DEFENSES TO SECOND** |
| v. | : : | **AMENDED COMPLAINT** |
| ELEMENT FINANCIAL CORP. and STEVE GROSSO, | : : : | |
| Defendants. | : : | |

Defendants Element Financial Corp. and Steve Grosso ("Defendants") hereby respond to the Second Amended Complaint filed by Plaintiffs, and in support thereof aver as follows:

The Parties

      1-3.    Admitted.

      4.    Admitted that Defendant Element Financial Corp. ("Element") is a Delaware Corporation with a principal place of business in Horsham, PA, and that the registered agent for Element is CT Corporation System, 1300 East 9th Street, Cleveland, OH 44114. The remaining averments in paragraph 4 are Denied.

      5.    Admitted.

Jurisdiction and Venue

      6-8.    Denied. To the contrary, the Agreements that form the basis of Plaintiffs' causes of action limit Jurisdiction and Venue with respect to any dispute between the parties to the United States District Court for the Southern District of New York.

Factual Background

    9-10.    Denied.

    11.    Admitted that Element and Bush Truck Leasing entered into an initial "Bush-Element Agreement" on September 12, 2013, which stands for itself. The remaining averments in paragraph 11 of Plaintiffs' Complaint are Denied.

    12.    Admitted that Element entered into an Amended and Restated Bush-Element Agreement as of December 6, 2013. The remaining averments in paragraph 12 of Plaintiffs' Complaint are Denied.

    13.    Denied.

    14.    Admitted that Element entered into Portfolio Management Agreement as of December 6, 2013. The remaining averments in paragraph 13 of Plaintiffs' Complaint are Denied.

    15-36.    Denied.

    37.    Denied. Plaintiffs cite only a portion of Section 4.5 out of context.

    38.    Denied. Plaintiffs cite only a portion of Section 4.6 out of context.

    39.    Admitted that Defendant Element terminated Plaintiff Michael Bush on or about November 13, 2015 for cause. The remaining averments in paragraph 43 of Plaintiffs' Complaint are denied.

    40.    Denied.

Count One

    41.    Defendants hereby incorporate their responses to paragraphs 1 through 40 of Plaintiffs' Complaint, as if specifically set forth herein at length.

    42.    Admitted.

43-51.  Denied.

## Count Two

52. Defendants hereby incorporate their responses to paragraphs 1 through 51 of Plaintiffs' Complaint, as if specifically set forth herein at length.

53-55.  Denied.

## Count Three

56. Defendants hereby incorporate their responses to paragraphs 1 through 55 of Plaintiffs' Complaint, as if specifically set forth herein at length.

57-61.  Denied.

## Count Four

62. Defendants hereby incorporate their responses to paragraphs 1 through 61 of Plaintiffs' Complaint, as if specifically set forth herein at length.

63-67.  The averments in Count Five of Plaintiffs' Complaint are the subject of Defendants' Motion to Dismiss and should be stricken from the Complaint for failing to state a claim upon which relief may be granted.  By way of further answer, the averments are Denied.

## Count Five

68. Defendants hereby incorporate their responses to paragraphs 1 through 67 of Plaintiffs' Complaint, as if specifically set forth herein at length.

69-72.  The averments in Count Six of Plaintiffs' Complaint as to Defendant Steve Grosso are the subject of Defendant's Motion to Dismiss and should be stricken from the Complaint for failing to state a claim upon which relief may be granted.  By way of further answer, the averments as to both Defendants are Denied.

# Count Six

73. Defendants hereby incorporate their responses to paragraphs 1 through 72 of Plaintiffs' Complaint, as if specifically set forth herein at length.

73-74. Denied. The provisions of the PMA stand for themselves.

75-76. Denied.

WHEREFORE, Defendants Element Financial Corp. and Steve Grosso demand judgment in their favor and such other relief as is deemed appropriate by the Court, including the award of attorneys' fees and costs.

## Jury Demand

Defendants have filed a Motion to Strike Plaintiffs' demand for a jury, which is incorporated herein by reference, as the right to request a jury trial was waived by the parties in the Agreements which form the basis of Plaintiffs' alleged causes of action.

## First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

## Second Affirmative Defense

Plaintiff Bush Truck Leasing's claims for breach of contract pursuant to Count I of the Complaint are barred, in whole or in part, as Defendant Element has complied with the Bush-Element Agreement and paid Bush Truck Leasing all amounts due and owing pursuant to the Agreement.

### Third Affirmative Defense

Plaintiffs Bush Truck Leasing and Bush Specialty Vehicles claims for conversion pursuant to Count Two of the Complaint are barred, in whole or in part, as Defendant Element paid Plaintiffs all maintenance surcharges owed to the Plaintiffs pursuant to the applicable agreements.

### Fourth Affirmative Defense

Plaintiffs Bush Truck Leasing and Bush Specialty Vehicles claims of Unjust Enrichment pursuant to Count Three of the Complaint are barred, in whole or in part, because neither party performed services warranting payment with respect to the Celadon Program.

### Fifth Affirmative Defense

Plaintiffs Bush Truck Leasing and Bush Specialty Vehicles claims of Unjust Enrichment pursuant to Count Three of the Complaint are barred, in whole or in part, because Defendant Element was at no time unjustly enriched, given that it performed all services with respect to the Celadon Program.

### Sixth Affirmative Defense

Plaintiff Michael Bush's claims for Wrongful Discharge pursuant to Count Four of the Complaint are barred, as set forth in Defendants' Motion to Dismiss Count Four of the Amended Complaint, which is incorporated herein by reference.

### Seventh Affirmative Defense

Plaintiff Michael Bush's claims for Wrongful Discharge pursuant to Count Four of the Complaint are barred, in whole or in part, as Plaintiff was an employee at will at Element under Pennsylvania law and no justification need be provided for his discharge.

Eighth Affirmative Defense

Plaintiff Michael Bush's claims for Wrongful Discharge pursuant to Count Four of the Complaint are barred, in whole or in part, as Defendants violated no public policy in terminating Plaintiff's employment.

Ninth Affirmative Defense

Plaintiffs Michael Bush and Bush Truck Leasing's claims for Defamation pursuant to Count Five of the Complaint are barred, in whole or in part, as Defendants at no time made statements with respect to either Plaintiff which were not true.

Tenth Affirmative Defense

Plaintiffs Michael Bush and Bush Truck Leasing's claims for Defamation pursuant to Count Five of the Complaint against Defendant Steve Grosso are barred, in whole or in part, as the allegations set forth all deal with alleged statements by Defendant within the scope of his employment as President of Element.

Eleventh Affirmative Defense

Plaintiff Bush Truck Leasing's claim for indemnity pursuant to Count Six of the Complaint are barred, in whole or in part, as Defendants in no way breached the PMA Agreement.

-7-

WHEREFORE, Defendants Element Financial Corp. and Steve Grosso demand judgment in their favor and such other relief as is deemed appropriate by the Court, including the award of attorneys' fees and costs.

                MONTGOMERY MCCRACKEN
                WALKER & RHOADS, LLC


                By: /s/ Charles Palella
                    Charles Palella
                    Peter J. Deeb
                    437 Madison Avenue, 29th Floor
                    New York, NY  10022
                    (212) 867-9500
                    cpalella@mmwr.com
                    pdeeb@mmwr.com