December 9, 2016

The Honorable Richard J. Sullivan
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Bush et al v. Element Financial Corp. et al,* **No. 1:16-cv-1007-RJS**

Dear Judge Sullivan:

The Parties jointly submit this letter regarding Plaintiffs' request for sanctions relating to the deposition testimony provided by Element's 30(b)(6) corporate designee, David Kovacs:

## I.    Plaintiffs' Statement

### A.    Factual Background[1]

On October 28, 2016, counsel for the parties scheduled the depositions of four witnesses of Element employees on consecutive days from November 29 through December 2. On the same date, Plaintiffs served Element with a Rule 30(b)(6) notice that included 36 matters for examination. Plaintiffs requested that Element identify whether any of the four witnesses already scheduled would be Element's corporate designee and to provide any objections to the topics for examination. Thereafter, Plaintiffs' counsel made several follow up requests that Element identify its corporate designee. By letter dated November 18, 2016, counsel for Element stated that "David Kovacs shall be produced with respect to many of the topics"— without specifically identifying which ones—and that Defendants "shall provide you with any objections and a list of responsive witnesses on November 21, 2016." Element never provided any such objections nor identified any witness other than Mr. Kovacs who would testify on its behalf in response to the 30(b)(6) notice.

Accordingly, Plaintiffs served an amended 30(b)(6) notice whose only material change was to specify that the deposition would take place on November 30, 2016—the date of Mr. Kovacs' already scheduled deposition. Once again, Element failed to provide any objections or state that any individual other than Mr. Kovacs would appears as its corporate designee. Plaintiffs' counsel then traveled to Philadelphia, Pennsylvania to depose the four witnesses as planned, including Mr. Kovacs as the corporate designee on the second day, November 30, 2016.

After Mr. Kovacs' deposition began, however, counsel for Defendants stated—for the first time—that Mr. Kovacs would be the corporate designee for only eight of the 36 topics listed on the 30(b)(6) notice, that the remaining three witnesses would be the designees for the remaining topics, and that Defendants would subsequently provide a written list of the specific topics about which each witness would testify. This included that the witness who had already

---

[1] The discovery deficiencies described herein are in addition to and independent of those described in the parties' joint letter, dated November 15, 2016 (Dkt. #57), regarding Plaintiffs' motion for sanctions for Defendants' prior failures to comply with their discovery obligations, and the Court's related show cause order (Dkt. #54). That issue remains unresolved.

been deposed on the first day, Rene Paradis, would be the corporate designee for certain topics. The positions taken by Defendants at the deposition are generally consistent with that taken in their position of the letter below: that cobbling together the *fact* testimony of multiple personal knowledge witnesses satisfies Defendants' obligation to prepare a Rule 30(b)(6) witness.

Counsel for Plaintiffs objected that Element could not add to its corporate designees at the eleventh hour, attempt to designate as its corporate testimony that of witnesses who appeared on dates other than that specified in the 30(b)(6) notice, or claim that a witness who had already been deposed could be its designee for any topics. After this exchange, counsel for Defendants stated on the record that Mr. Kovacs would be Element's corporate designee for all topics, but stated that, despite this, "**I have no obligation to prepare him to testify on topics**, I have only an obligation to determine whether he had knowledge on the topics and whether he was going to be designated in response to your request." (emphasis added). Plaintiffs' counsel then completed the remaining three depositions on the understanding that Mr. Kovacs would be Element's sole designee. To date, counsel for Defendants has never provided a written list of any topics for which a witness other than Mr. Kovacs would be Element's designee.

During his deposition, Mr. Kovacs testified that he lacked any knowledge regarding a number of the topics identified in the Rule 30(b)(6) notice. For other topics, Mr. Kovacs stated that he had only incomplete knowledge and had done nothing to prepare to testify on Element's behalf. This included information regarding the specific claims that Element has asserted against Plaintiffs in its counterclaims. Tellingly, Mr. Kovacs testified that he had not spoken to anyone else at Element (besides its counsel) and spent only a little time preparing for his deposition.

**B.     Argument**

Plaintiffs now seek an order precluding Element from relying on or attempting to introduce, at any stage of this action, evidence regarding its claims or defenses beyond that which Mr. Kovacs testified to during his Rule 30(b)(6) deposition.

Under Fed. R. Civ. P. 30(b)(6), "when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Markets Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

"To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly*, 181 F.3d at 268. (internal citation and quotation omitted). "[T]he corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 2002 U.S. Dist. LEXIS 14682, 6-9 (S.D.N.Y. Aug. 6, 2002) (internal quotation omitted).

"When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence." *Id*. (citation omitted). Indeed, "[t]he

2

production of an unprepared witness as a 30(b)(6) representative 'is tantamount to a failure to appear for the ordered deposition.'" *Adrian Shipholding, Inc. v. Lawndale Group S.A.*, No. 08 Civ. 11124, 2012 U.S. Dist. LEXIS 4234, at *26-27 (S.D.N.Y. Jan. 13, 2012) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38-39 (S.D.N.Y. 2009)).

An appropriate sanction for an unprepared 30(b)(6) witness is the preclusion of evidence. *See, e.g.*, *Reilly*, 181 F.3d at 269 (affirming exclusion of evidence regarding 30(b)(6) topic where corporate designee was insufficiently prepared to testify); *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, Case No. 06 Civ. 2043, 248 F.R.D. 126, 152-53 (S.D.N.Y. Oct. 3, 2007) (imposing sanction precluding party from providing evidence on designated matter as a result of failing to provide a prepared witness for Rule 30(b)(6) deposition, because Rule 30(b)(6) places an "affirmative duty" on the corporate deponent to "'give complete, knowledgeable and binding answers' on its behalf" and "[p]roducing an unprepared witness is tantamount to a failure to appear"); *see also Lerardi v. Lorillard, Inc.,* Civil Action No. 90-049, 1991 U.S. Dist. LEXIS 11320 (E.D. Pa. Aug. 13, 1991) ("Under Rule 30(b)(6), defendant has an obligation to prepare its designee to be able to give binding answers on behalf of H&V.  If the designee testifies that H&V does not know the answer to plaintiffs' questions, H&V will not be allowed effectively to change its answer by introducing evidence during trial.  The very purpose of discovery is 'to avoid trial by ambush.'"); *Adrian*, 2012 U.S. Dist. LEXIS 4234, at *27 (awarding sanctions for "fail[ing] to produce a witness with knowledge of the topic areas in the Rule 30(b)(6) notice").

Here, despite that Mr. Kovacs was identified as Element's corporate designee in response to Plaintiffs' 30(b)(6) notice, he was wholly unprepared to testify regarding a number of topics listed in the notice, explaining that he had no knowledge of those topics and had done nothing to prepare to testify regarding them.  Element's failure to prepare an appropriate corporate designee merits sanctions under Rule 37, including that Element be precluded from attempting to provide any additional evidence in this action that contradicts, is inconsistent with, or seeks to supplement Mr. Kovacs' testimony regarding Element's corporate knowledge on each of the topics listed in Plaintiffs' Rule 30(b)(6) notice.  In short, Element should be limited to only the testimony it actually designated as being on behalf of the corporation.

Defendants' position below does not compel an opposite conclusion and indeed reveals a serious misunderstanding of Defendants' obligation under Rule 30(b)(6). Defendants refer to and bold the concept of producing the witness with the **"most** knowledge" but that is not remotely the standard. Plaintiffs were entitled to a prepared witness which they did not get.

Defendants further contend that no one individual could have personal knowledge of all designated topics. Perhaps so, but, here again, Defendants do not seem to understand how Rule 30(b)(6) works. As noted above, the corporate responsibly is to *prepare* a designee to testify *on behalf* of the Company, not just from personal knowledge, but as the voice of the entity as a whole.

Defendants' comments regarding Ms. Paradis present a different issue. They say below that Ms. Paradis was a corporate designee on at least one topic. But she testified on November 29 as a personal knowledge witness. Only on November 30 – the date noticed for the Rule 30(b)(6) did Defendants claim she was a corporate designee.  In other words, Defendants believe that Ms. Paradis's *personal knowledge* deposition can serve as a Rule 30(b)(6) deposition. That is

astounding enough but Defendants did not even take this position until *after* Ms. Paradis had been deposed meaning Plaintiffs never even knew during the deposition that they were examining Defendants' corporate designee.

It is absolutely clear – even just from their response below and counsel's disclaimer during the deposition of an obligation to prepare a witness – that Defendants did not undertake to prepare such a designee. That is improper, prejudicial to Plaintiffs, and continues Defendants' attempts to avoiding their discovery obligations.

### II.   Defendants' Statement

#### A.   Factual Statement

Defendants concur that they named David Kovacs, Sr. V.P. of Element Financial Corp. ("Element"), as the individual best qualified to respond to Plaintiffs' 30(b)(6) Notice of Deposition.  This is because Mr. Kovacs was the individual at Element tasked with integrating the Bush Truck Leasing ("BTL") business into the business of Element and because Mr. Kovacs made frequent trips to Mason, OH, the home office of BTL, on behalf of Element.  However, Element at no time represented that Mr. Kovacs had specific knowledge as to all 36 topics set forth in Plaintiffs' Notice of Deposition.

To the contrary, Rene Paradis, CFO and designated expert on behalf of Element, was presented as the witness best qualified as to damages, and she testified factually as to damages for 7 hours on the day prior to Mr. Kovacs' deposition, as well as an additional 2 hours as to her expert testimony.  Further, counsel for Plaintiffs was advised as to the 30(b)(6) deposition topics that would be better addressed by Steve Grosso, President of Element, and Don Campbell, CEO of Element, in the two days of deposition following the deposition of Mr. Kovacs at the outset of Mr. Kovacs' deposition.  Counsel for Plaintiffs insisted that Mr. Kovacs address all topics.  Nevertheless, all topics on which Mr. Kovacs lacked personal knowledge in the 30(b)(6) deposition were covered in detail during the depositions of Mr. Grosso and Mr. Campbell in the two days that followed.

#### B.   Argument

Plaintiffs now seek sanctions because David Kovacs could not respond to ALL topics set forth in their 30(b)(6) Notice of Deposition.  Their argument is disingenuous.  Mr. Kovacs was presented as the representative of Element whom had the **most** knowledge of the 36 topics set forth in their Notice of Deposition.  It was obvious from the outset that no one person could have personal knowledge as to all 36 topics set forth by Plaintiffs.

Accordingly, Defendant Element produced Rene Pardis, its CFO, as its witness as to damages. No objection was set forth as to Ms. Paradis testifying factually as to damages, and her deposition was conducted for an entire day, as well as an additional 2 hours as to her expert testimony.  Element further offered to split the other areas of inquiry between the additional Element officers which were scheduled to testify at deposition upon the request of Plaintiffs.  Counsel for Plaintiffs refused, as Mr. Kovacs had been identified as the witness with the most knowledge of the 36 topics in the 30(b)(6) Notice.  However, it must be noted that all of the

remaining topics set forth in the 30(b)(6) Notice were extensively covered in the three days of deposition of Element's officers, David Kovacs, Steve Grosso and Don Campbell.

Plaintiffs have not been denied discovery with respect to any topic set forth in their 30(b)(6) Notice. Further, although they refused to allow Mr. Grosso and Mr. Campbell to testify in response to the Notice, both testified as to all remaining topics in the Notice of Deposition as officers of Element.

Accordingly, Plaintiffs have obtained testimony on all areas of inquiry in their 30(b)(6) Notice of Deposition from officers of Element and their Motion for Sanctions is wholly without merit.

### III. The Parties' Compliance with Fed. R. Civ. P. 37(a)(1)

Counsel for the parties—Bryce Yoder and Jacob Rhode on behalf of Plaintiffs and Peter Deeb on behalf of Defendants—met and conferred by telephone on December 7, 2016 and discussed all of the issues raised herein for approximately thirty minutes.

Sincerely,

| | |
|---|---|
| /s/ Bryce J. Yoder | /s/ Peter J. Deeb |
| Bryce J. Yoder | (*per e-mail authorization of 12/9/2016*) |
| KEATING MUETHING & KLEKAMP PLL | Montgomery McCracken Walker & Rhoads LLP |
| 1 E. 4th St., Suite 1400 | 437 Madison Ave., 29th Floor |
| Cincinnati, Ohio 45208 | New York, NY 10022 |
| (513) 562-1420 | (212) 867-9500 |
| | |
| Jay S. Hellman | *Attorney for Defendants* |
| SILVERMAN ACAMPORA LLP | |
| 100 Jericho Quadrangle, Suite 300 | |
| Jericho, New York 11753 | |
| (516) 479-6300 | |

*Attorneys for Plaintiffs*